UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B&W SENSORS LLC, <br> an Individual, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TRAFFIC SOLUTIONS, INC. <br> a corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No.: <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW B & W SENSORS LLC ("B & W"), by and through its attorneys, and for its Complaint For Declaratory Judgment against AMERICAN TRAFFIC SOLUTIONS, INC. ("ATS"), states as follows:

**Nature Of The Action**

1. This Complaint seeks a judgment declaring that the claims of United States Patents No. 8,213,685 ("the '685 Patent") and 8,184,863 ("the '863 Patent") are not infringed by B & W.  True and accurate copies of the '685 Patent and the '863 Patent are attached hereto as Exhibit A and Exhibit B respectively.

2. ATS claims to be the owner of all right, title, and interest in the '685 Patent, which is entitled "Video Speed Detection System" and issued on July 3, 2012.

3. ATS claims to be the owner of all right, title, and interest in the '863 Patent, which is entitled "Video Speed Detection System" and issued on May 22, 2012.

## Parties

4.      Plaintiff, B &W Sensors LLC is a limited liability company organized and existing under the laws of the State of Missouri and has a place of business at 3668 Geyer Road, Suite 200, St Louis, Missouri 63127.

5.      On information and belief, Defendant, American Traffic Solutions, Inc. is a corporation incorporated under the laws of the State of Kansas with its principal place of business in Tempe, Arizona.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., under 38 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and U.S.C. § 1332, in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties.

7.      This Court has personal jurisdiction over ATS because, *inter alia*, upon information and belief, ATS regularly and actively does business in this judicial district and ATS purposefully directed acts at a resident in this district giving rise to this Complaint, including directing threats of infringement of the '685 and '863 Patents against Missouri resident B & W.

8.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, ATS is subject to personal jurisdiction in this judicial district, ATS and its directors have conducted and are presently conducting business in this judicial district, or because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**Acts Giving Rise to the Claims**

9. On October 17, 2012, the law firm of Stoel Rives, ATS's attorneys, expressly communicated to B & W that ATS concluded and believes that B & W's Multiple Vehicle Speed Tracking ("MVST") systems infringe a number of the claims of the '863 and '685 Patents. (A true and correct copy of that letter is attached hereto as Exhibit C.)

10. On October 18, 2012, ATS filed a patent infringement lawsuit against B & W relating to the '863 and '685 Patents. That case is styled *American Traffic Solutions, Inc. v. B & W Sensors LLC;* Civil Action No. 1:12-cv-00504-RC and was filed in the United States District Court for the Eastern District of Texas ("The Texas Litigation"). (A true and correct copy of that Complaint, without Exhibits, is attached hereto as Exhibit D).

11. B & W expressly denies that it has in any way or manner infringed the '863 and '685 Patents and/or any valid claims thereof, and states that it is entitled to make, use, offer for sale, sell, and otherwise commercially exploit its MVST system in accordance with its rights and interests therein without interference from ATS.

12. By its allegations, threats, conduct and actions, ATS has created an actual and justiciable case and controversy between itself and B & W that is of sufficient immediacy and reality to warrant declaratory relief concerning whether the '863 and '685 Patents are valid, as well as whether B & W is infringing any valid and enforceable claim of the '863 and '685 Patents.

## Count I
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,184,863

13. B & W hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 12 of this Complaint as if fully set forth and restated herein.

14. B & W has not infringed, and is not infringing, upon any claims of the '863 Patent.

15. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '863 Patent, and related applications, and in particular, the applicant's conduct and/or his admissions during those proceedings, Defendant is precluded and estopped from asserting that B & W has infringed upon any of the claims of the '863 Patent.

16. Any claims of the '863 Patent that may not be, arguendo, held invalid are so restricted in scope that B & W has not infringed, and does not infringe, upon any such claims.

17. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. A judicial declaration is necessary and appropriate so that B & W may ascertain its rights regarding the '863 Patent.

19. B & W is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '863 patent.

20. B & W is entitled to a declaratory judgment that the '863 patent is invalid as anticipated under 35 U.S.C. §102, obvious under 35 U.S.C. §103, indefinite under 35 U.S.C. §112(2), or failing to provide an adequate written description under 35 U.S.C. §112(1).

## Count II
### Declaratory Judgment of Invalidity of U.S. Patent No. 8,184,863

21. B & W hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 20 of this Complaint as if fully set forth and restated herein.

22. Upon information and belief, all of the claims of the '863 Patent are invalid, void and/or unenforceable for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Upon information and belief, all of the claims of the '863 Patent are invalid and void for one or more of the following reasons:

(a) The alleged invention was not new before the applicants' alleged conception and/or reduction to practice;

(b) The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for patent;

(c) The alleged invention was patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the patent;

(e) The patentees did not themselves invent the subject matter claimed;

(f) The patentees abandoned the alleged invention;

(g) Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in the '863 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee(s);

(j) The '863 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention;

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicants and/or patentees regard as their invention; and

(l) The asserted claims fail to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine.

24. B & W is entitled to a declaratory judgment that the '683 patent is invalid for at least the reason noted in the preceding paragraph.

## Count III
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,213,685

25. B & W hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 24 of this Complaint as if fully set forth and restated herein.

26. B & W has not infringed, and is not infringing, upon any claims of the '685 Patent.

27. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '685 Patent, and related applications, and in particular, the applicant's conduct and/or his admissions during those proceedings, Defendant is precluded and estopped from asserting that B & W has infringed upon any of the claims of the '685 Patent.

28. Any claims of the '685 Patent that may not be, arguendo, held invalid are so restricted in scope that B & W has not infringed, and does not infringe, upon any such claims.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that B & W may ascertain its rights regarding the '685 Patent.

31. B & W is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '685 patent.

<u>Count IV</u>
**Declaratory Judgment of Invalidity of U.S. Patent No. 8,213,685**

32. B & W hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 31 of this Complaint as if fully set forth and restated herein.

33. Upon information and belief, all of the claims of the '685 Patent are invalid, void and/or unenforceable for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

34. Upon information and belief, all of the claims of the '685 Patent are invalid and void for one or more of the following reasons:

(a) The alleged invention was not new before the applicants' alleged conception and/or reduction to practice;

(b) The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for patent;

(c)  The alleged invention was patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicants for the patent;

(e) The patentees did not themselves invent the subject matter claimed;

(f) The patentees abandoned the alleged invention;

(g) Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in the '863 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee(s);

(j) The '685 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using them, in such full, clear, concise and exact

terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention;

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicants and/or patentees regard as their invention; and

(l) The asserted claims fail to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine.

35. B & W is entitled to a declaratory judgment that the '685 patent is invalid for at least the reason noted in the preceding paragraph.

**WHEREFORE**, B & W respectfully prays that the Court enter judgment in its favor and award the following relief against ATS:

A. Declare that B & W has not infringed and is not infringing any of the claims of U.S. Patent No. 8,184,863;

B. Declare that each claim of U.S. Patent No. 8,184,863 is invalid and of no force or effect;

C. Permanently enjoin ATS and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that B & W and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any of the claims of U.S. Patent No. 8,184,863;

D. Declare that B & W has not infringed and is not infringing any of the claims of U.S. Patent No. 8,213,685;

E.     Declare that each claim of U.S. Patent No. 8,213,685 is invalid and of no force or effect;

F.     Permanently enjoin ATS and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that B & W and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any of the claims of U.S. Patent No. 8,213,685;

G.     Issue an order declaring that B & W is a prevailing party and that this is an exceptional case, awarding B & W its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285, and all other statutes, rules, and common law;  and

H.     Award and grant B & W such other and further relief as the Court deems just and proper under the circumstances.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, B & W respectfully demands a trial by jury on all issues so triable.

Dated:  November 13, 2012                    Respectfully submitted,

/s/ Douglas E. Warren

DOUGLAS E. WARREN,
E.D. Bar No. 98,098
MOBAR No. 49,333
Post Office Box 6727
Chesterfield, Missouri  63006
Phone:     636-519-5257
FAX:         636-536-0517
Email:       dewarren@charter.net

*Attorney for Plaintiff*
*B & W Sensors LLC*